IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE CHAVEZ on behalf of Ezequiel Chavez, § § § | | |
| Plaintiff, § § | | |
| V. § | No. 3:15-cv-3211-B-BN | |
| § | | |
| CAROLYN W. COLVIN, § Acting Commissioner of Social Security, § § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. The undersigned issues the following findings of fact, conclusions of law, and recommendation that, for the reasons stated below, the Court should dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

**Background**

Plaintiff filed this case on October 3, 2015, and, more than 120 days later, Plaintiff has not filed valid returns of service.

On March 21, 2016, the Court issued an Order noting this fact and advising Plaintiff that, "[w]hen service is not made on a defendant within 120 days after the filing of the complaint, the Court may, under Federal Rule of Civil Procedure 4(m),

-1-

after notice to Plaintiff, dismiss the action without prejudice or instruct the plaintiff to effect service within a specific time." Dkt. No. 5 at 1. The Court accordingly ordered that, "no later than April 1, 2016, Plaintiff shall file a valid return(s) of service or show good cause in writing why service cannot be made, or this action will be dismissed without further notice without prejudice under Rule 4(m)." *Id.* (emphasis removed).

Plaintiff has not made any filing as required and has failed to respond to the Court's Order or otherwise contact the Court.

## Legal Standards and Analysis

At the time that this action was filed, the Federal Rules of Civil Procedure authorized a district court to, after providing notice, dismiss a case *sua sponte* without prejudice pursuant to Rule 4(m) for failure of a plaintiff to effectuate service on defendants within 120 days of filing the complaint. *See, e.g., Davis v. Bank of Am., NA*, No. 3:12-cv-1036-M-BF, 2012 WL 4795591 (N.D. Tex. Oct. 9, 2012); *see also Drgac v. Treon*, No. H-07-4283, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) ("A *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m).... [But, a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules." (respectively citing *Lindsey v. United States R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996); *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988))).

Because Plaintiff paid the $400.00 statutory filing fee, although he is proceeding *pro se*, he is responsible for properly serving each defendant with a summons and

complaint in accordance with Federal Rule of Civil Procedure 4 and also must file proofs of service with the Court. *See* FED. R. CIV. P. 4(c), 4(h), & 4(*l*).

Because Plaintiff has failed to properly effect service within 120 days of filing his complaint, and where the Court has explicitly notified him that the failure to do so will subject his complaint to dismissal under Rule 4(m), *see* Dkt. No. 5, the Court should dismiss this action without prejudice under Rule 4(m).

### Recommendation

The Court should dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m). But if Plaintiff responds to the Court's last order [Dkt. No. 5] by filing a written response to that order showing good cause for his failure to timely and properly effect service – that is, explaining why service has not been properly accomplished within the applicable time period after filing this action – and also showing good cause why the Court should give him additional time within which to properly effect service, the Court should refer the case back to the undersigned for further review.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 6, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE